IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

    Plaintiff,                    No. 2:11-cv-3093 DAD (PC)

    v.

SACRAMENTO SHERIFF
DEPARTMENT, et al.,                <u>ORDER</u>

    Defendants.
_____/

        Plaintiff is a former county jail inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegations of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

1

seeks monetary relief against an immune defendant.  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

The court find the allegations in plaintiff's complaint too vague and conclusory to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, --- U.S.---, ---, 129 S. Ct. 1937, 1949 (2009)

1  (quoting Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of
2  particularity overt acts which the defendants engaged in that support the plaintiff's claims.
3  Jones, 733 F.2d at 649.  A complaint must also contain "a short and plain statement of the
4  grounds for the court's jurisdiction" and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)
5  & 8(a)(3).
6         Here, in his complaint plaintiff alleges that he was held in a holding tank in the
7  R&R unit of the Rio Cosumnes Unit of the Sacramento County for eight and a half hours past the
8  time that he was to be released on parole, apparently because he is homeless and sheriff's
9  deputies did not want him sleeping in front of the Union Gospel Mission Center.  Plaintiff claims
10 that jail officials allowed other black inmates parole ahead of him.  He claims racial
11 discrimination and harassment.  However, plaintiff does not identify any individual allegedly
12 involved in this incident nor does he allege when this incident occurred.  Moreover, plaintiff's
13 complaint does not contain a short and plain statement of the grounds upon which the court's
14 jurisdiction depends, a short and plain statement of the claim showing that the plaintiff is entitled
15 to relief, or a demand for judgment for the relief plaintiff seeks.  In this regard, plaintiff's
16 complaint fails to satisfy the minimum requirements for a civil complaint in federal court and
17 does not state a cognizable claim.  Accordingly, plaintiff's complaint will be dismissed with
18 leave to amend.
19        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
20 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
21 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must name specific
22 defendants and must allege in specific terms how each named defendant is involved.  There can
23 be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
24 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362
25 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
26 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in

civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 21, 2011 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. The complaint filed November 21, 2011 (Doc. No. 1) is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of this order in which to file an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

4. Failure to respond to this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: December 23, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
smith3093.ifp.ord

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26